[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Clancy, but whose former married name was Sulinski, intermarried at York, Maine, on August 29, 1994; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
This is the second marriage of each party. The plaintiff has two minor children, issue of her prior marriage, and the defendant has minor children of his prior marriage. CT Page 4332-WWWW
The parties and their minor children reside at the plaintiff's residence, located at and known as 15 Luce Street, Niantic, Connecticut. Plaintiff acquired this property in 1983 when her prior marriage was terminated.
Approximately two months after the marriage, the parties began having problems in their marriage. These problems continued until June, 1995, when, by virtue of a court order pursuant to a restraining order, defendant vacated the residence. The parties have been separated since.
Although the defendant testified that he did not want the marriage dissolved, he attempted to portray the plaintiff as one who was unfaithful and who kept a filthy home, drank excessively, and, when playing darts at Burke's Tavern and on other occasions, returned home between 2 a.m. and 4 a.m. or sometimes after 8 a.m. the next day and that she was physically abusive to him on occasion.
Plaintiff denied defendant's accusations and claimed that defendant drank excessively and was physically and mentally abusive to her and her children. She caused a restraining order to be issued against the defendant on July 24, 1995, for physical abuse. Further, she had him arrested twice for stalking her.
The file is replete with court orders concerning the disposition of automobiles and personal property owned by the parties as well as contempt motions concerning failure to comply with court orders.
Although the court finds neither party to be very credible, the court is convinced that the marriage of the parties has broken down irretrievably with no hope for reconciliation. Therefore, a decree dissolving the marriage is ordered.
During the marriage, plaintiff was self employed as a massage therapist. About August, 1994, plaintiff began part-time employment at Burke's Tavern. Presently, plaintiff has a weekly income of $325 and a net income of $253 per week. In addition, she receives $200 per week from her prior husband as support for her two minor children. CT Page 4332-XXXX
Plaintiff is in good health and her ability to continue her business and part-time employment appears good.
During the marriage defendant was employed as a tech writer by ENCS, Inc., a corporation defendant owned. His financial affidavit filed with the court dated September 5, 1995, states that his gross weekly income was $559 with a net income of $420. However, his financial affidavit dated December 10, 1995, indicates that defendant was unemployed and had no income other than a VA disability income of $20 per week.
Presently, defendant is still unemployed. However, defendant has prospects for employment in Oklahoma once this matter is settled and he no longer is subject to any restraining or contempt orders.
Defendant appears to be in good health with good prospects for employment.
Defendant made some improvements to the plaintiff's residence and grounds. However, he failed to offer any evidence as to how much these improvements increased the value of the plaintiff's premises.
Defendant also claims that the plaintiff caused damage to his pickup truck and seeks money damages from plaintiff. See file, Clancy-Walitynski v. Walitynski, No. 535279. Again, defendant failed to offer any evidence as to the amount of said damages. Accordingly, this issue is resolved in favor of the plaintiff.
After considering the factors in Connecticut General Statutes §§ 46b-81 and 46b-82, the following orders are entered which the court feels to be fair and equitable.
(1) neither party is awarded alimony.
(2) The plaintiff shall keep her 1988 Honda and the household furniture and furnishings except to the extent that this order is inconsistent with or contrary to any prior court orders concerning said property.
(3) The plaintiff shall keep her real estate free and clear of any claims whatsoever by the defendant. CT Page 4332-YYYY
(4) The plaintiff shall keep all her bank accounts.
(5) The plaintiff's maiden name "Clancy" is restored to her.
(6) The defendant is ordered to release, within thirty (30) days, all liens and lis pendens he caused to be filed on the plaintiff's real estate known as 15 Luce Street, Niantic, Connecticut. If defendant fails to do so, he shall pay to the plaintiff the sum of $100 per day until such liens are released, as well as be subject to a finding of contempt for failure to comply with this order.
(7) The defendant shall keep his 1986 Chevrolet S-10, his miscellaneous tools, his Liberty Bank checking account and his ENCS, Inc. stock.
(8) Each party shall be solely responsible for their debts which appear on their respective financial affidavits.
(9) Each party shall pay their own attorney fees.
Vasington, J. State Trial Referee